IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| R.C., et al., Individually and as Guardians ad litem of M.C., <br><br> Plaintiffs, <br><br> v. <br><br> BORDENTOWN REGIONAL SCHOOL DISTRICT BOARD OF EDUCATION, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil No. 05-3309 (JBS) <br><br> **OPINION** |

APPEARANCES:

Staci J. Greenwald, Esq.
SUSSAN & GREENWALD, ESQS.
620 Cranbury Road, Suite 212
East Brunswick, NJ 08816
    Attorney for Plaintiffs

Frank P. Cavallo, Jr., Esq.
PARKER MCKAY PA
Route 73 & Greentree Road, Suite 401
Marlton, NJ 08053
    Attorney for Defendant

**SIMANDLE**, District Judge:

I.   **INTRODUCTION**

This matter comes before the court upon Plaintiffs' motion for summary judgment under Fed. R. Civ. P. 56, seeking an award of reasonable attorney's fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B). Plaintiffs were the prevailing party in an administrative action alleging that the Bordentown Regional

School District failed to provide their special-needs child M.C. with an appropriate Individualized Education Plan ("IEP"). Defendant argues that the motion should be denied because the fee application by Plaintiffs is not reasonable and because there is no support for an award of expert fees claimed.  For the reasons stated herein, Plaintiffs' application for reasonable attorney's fees and costs will be approved in the amount of $41,790.00.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs R.C. and J.C. ("Plaintiffs") are parents of M.C., a student classified as eligible for special education and related services.  Defendant Bordentown Regional School District Board of Education ("Defendant") is the local education authority with the responsibility of providing a free, appropriate public education to M.C. as defined by 20 U.S.C. § 1401(a).  (Pl. Br. at 1.)  After M.C. was diagnosed with dyslexia, dysgraphia and other learning difficulties, a dispute arose between the parties as to the adequacy of M.C.'s educational program.  (Id.)  After failing to reach an agreement, Plaintiffs requested a Due Process hearing and unilaterally placed M.C. at Newgrange School, an out-of-district special education day facility.  (Id.)  Defendant eventually agreed to be responsible for all charges related to

M.C.'s Newgrange placement for the 2003-2004 school year. (Id. at 2.)

On May 6, 2004 the parties met to discuss M.C.'s placement for the 2004-2005 school year. (Id.) Defendant recommended that M.C. return to an in-district program, but Plaintiffs refused this option based on the progress that M.C. had made at Newgrange. (Id.) Mediation to resolve the dispute was unsuccessful and Plaintiffs filed a request for a Due Process Hearing on January 10, 2005. (Id.) The hearing was held on February 3, and April 26 and 27, 2005 by the Office of Administrative Law, and resulted in a written decision ruling in favor of Plaintiffs on all issues raised in the Petition. (Id.) As the prevailing party, Plaintiffs filed a Summons and Complaint in June, 2005 seeking reimbursement of reasonable attorneys' fees in the amount of $52,301.90 and expert costs in the amount of $6,600.00 from Defendant. (Id. at 3.)

**III. STANDARD OF REVIEW FOR SUMMARY JUDGMENT**

Summary Judgment is available pursuant to Federal Rule of Civil Procedure 56. The moving party must establish that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable

jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it might affect the outcome of the suit under the applicable rule of law.  Id.  All evidence submitted should be viewed "in the light most favorable to the nonmoving party and draw all inferences in that party's favor."  Marzano v. Computer Science Corp. Inc., 91 F.3d 497, 501 (3d Cir. 1996).

Once the moving party has met its burden, the opponent to the motion:

> must do more than simply show that there is some metaphysical doubt as to the material facts.  In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986) (emphasis in original, citations and footnotes omitted).  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Anderson, 477 U.S. at 248.

**IV. DISCUSSION**

    **A.  Determining Attorney's Fees under IDEA.**

Plaintiffs seek attorney's fees in the amount of $52,301.90 from Defendant.  Defendant contends that the hourly rates and

4

hours expended claimed by Plaintiffs' counsel are excessive. This Court finds that counsel's hourly fees are reasonable and that billed hours claimed by Plaintiffs' counsel are excessive and will be reduced as explained herein.

In determining whether or not to award attorneys' fees and costs, the court's inquiry is twofold.  First, the court must decide if the claimant is a prevailing party.  If so, it must then determine the amount of reasonable fees and costs owed the claimant.  S.D. v. Manville Bd. of Educ., 989 F.Supp. 649, 654 (D.N.J. 1998) [hereinafter "S.D. v Mannville"].

A plaintiff is a prevailing party when "' . . . actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 855 (3d Cir. 2006) (citing Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).  "[A] resolution materially alters the legal relationship between the parties when it modifies the defendant's behavior in a way that directly benefits the plaintiff."  Id. (citations and quotation marks omitted).  Here, Plaintiff is the prevailing party.

If the court finds that Plaintiff is the prevailing party, the starting point for a determination of reasonable fees and costs "is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate," <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983), or the lodestar.  The party seeking a fee award bears the burden of demonstrating the reasonableness of the fee by producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  <u>Blum v. Stenson</u>, 465 U.S. 886, 896, n. 11 (1984).  If "hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates."  <u>Planned Parenthood of Cent. New Jersey v. Attorney General of State of New Jersey</u>, 297 F.3d 253, 266 (3d Cir. 2002).

When calculating this lodestar amount, the court must examine the record to determine that the hours billed are not "unreasonable for the work performed."  <u>Washington v. Philadelphia County Court of Common Pleas</u>, 89 F.3d 1031, 1037 (3d Cir. 1996) [herinafter "<u>Washington v. Philadelphia County</u>"].  In its evaluation, "the district court [must] conduct more than a cursory review of the billing records, and must 'go line, by line' through the billing records supporting the fee request. <u>Posa v. City of East Orange</u>, Civ. No. 03-233, 2005 WL 2205786 at *4 (D.N.J. Sept. 8, 2005)(citing <u>Maldonado v. Houston</u>, 256 F.3d 181, 184 (3d Cir. 2001)).  As part of the determination of

reasonable hours expended, attorneys seeking fees must document the hours for which payment is sought "with sufficient specificity . . . .  [W]here the documentation of hours is inadequate, the district court may reduce the award accordingly." Washington v. Philadelphia County, 89 F.3d at 1037 (internal citations omitted).  Additionally, a "party entitled to an award of attorneys' fees is . . . entitled to reimbursement for the time spent litigating its fee application."  Planned Parenthood, 297 F.3d at 268.

Several cases provide guidelines for the Court to consider when determining reasonable hours.  In Planned Parenthood, the Court held that:

> A reasonable fee for hours spent preparing for a legal argument should be limited to hours reasonably necessary for a lawyer to become familiarized with the facts and the law pertaining to the issue to be argued, an analysis of the opponent's argument, and questions anticipated to be posed by the court.

Id. at 269.  Also, "the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task." Apple Corps. Ltd. v. International Collectors Soc., 25 F. Supp. 2d 480, 490 - 491 (D.N.J. 1998)(citing Rainey v. Philadelphia Hous. Auth., 832 F.Supp. 127, 130 (E.D.Pa. 1993)).  "A fee applicant cannot demand a high hourly rate . . . based on his or her experience,

reputation, and a presumed familiarity with the applicable law and then run up an inordinate amount of time researching that same law." Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983).

Courts that have examined claimed hours for reasonableness have compared the time spent preparing for the trial to the duration of the trial itself.  The court in Washington v. Philadelphia County held that the District Court's finding of excessive hours based on this type of comparison was reasonable. 89 F.3d at 1039 ("[A]n experienced litigator claims 69.9 hours for unspecified 'trial preparation', an amount of time approximately twice as long as the trial itself.").  See also Apple Corps. Ltd., 25 F. Supp. 2d at 491 ("The Court finds that it is excessive for a senior partner to spend almost three times as long to prepare for a hearing as to attend it.").

Defendant does not dispute that Plaintiffs are the prevailing party, thus this Court's determination of a fee award begins with an inquiry into whether or not Plaintiffs' claimed hourly rate is reasonable.

### 1.     **Reasonableness of Hourly Rate**

The Court holds, for reasons now explained, that the fee applicant's requested hourly rate is not excessive based on her skill and experience in IDEA cases.

Defendant objects to Plaintiffs' requested hourly rate of $300 on two grounds: (1) that it is not, but should be, based on the rate in the vicinage of the district court, and (2) that Plaintiffs' attorney had a fee application pending before Judge Kugler in which her rates ranged from $225 - $250.

Neither of Defendant's arguments is persuasive. Plaintiffs' counsel, Ms. Greenwald, is one of very few lawyers throughout the state who specialize in special education law. She does not alter her fee based on area; thus, the certifications as to hourly rate of Ms. Greenwald and of Ms. Spar, another special-education law practitioner, are sufficient to establish that $300/hr. is a reasonable fee. Also, a rate of $300/hr. for an experienced special education specialist in the Camden vicinage has been found to be reasonable in similar circumstances. See Deptford Twp. Sch. Dist. v. H.B., Civ. No. 01-0784, 2006 U.S. Dist. LEXIS 14985 (D.N.J. Mar. 31, 2006). This rate, however, lies at the top of the scale and demands a high degree of expertise and efficiency in order to be justified.

Defendant's second argument is similarly faulty. Ms. Greenwald is not charging her customary fee in the case before Judge Kugler because she was not the original attorney in the case. Because the original attorney was an associate whose hourly rate was less than that of an experienced special

9

education lawyer, Ms. Greenwald declined to increase the hourly rate.

Even taking all Defendant's allegations to be true, the hourly rate of Plaintiffs' counsel is reasonable. The Court will grant Plaintiffs' motion for summary judgment as to Ms. Greenwald's hourly rate of $300.

### 2. **Reasonableness of Hours Claimed for Work Performed**

This Court has reviewed all time entries of counsel and all work product that was remitted in this connection by either party, together with the findings of ALJ Hurd dated May 26, 2005. Among counsel's hourly submissions were 13.25 hours on various letters and phone calls, 12.35 hours on mediation preparation and the mediation conference, 12.65 hours on the Due Process petition, 41.45 hours for other trial preparation, 48.5 hours to review the trial tape and prepare the post-trial brief, and more than 20 hours preparing the fee application and reply to Defendant's opposition. (See attached Appendix.)

The Due Process petition and Fee Application are similar in length and took a similar amount of time to prepare. However the Fee Application brief required some research and argument, while the Due Process petition was mostly a summary of facts and list of witnesses. Also, the review of the trial tape lasted longer than the trial itself (including travel time), a fact that

10

supported a finding of excessive and unreasonable hours in Washington v. Philadelphia County, 89 F.3d 1031 at 1039.[1] Additionally, because the hearing lasted only three days and involved no complex issues, the approximately 30 hours that Plaintiffs' counsel devoted to the post-hearing brief were also excessive.

This Court finds that the hours submitted by Plaintiff's counsel are excessive in light of her high hourly fees. Counsel must perform more efficiently in a non-complex case such as this. These claimed hours will be reduced accordingly. Time spent preparing the Due Process petition, other trial preparation and review and preparation of the post-hearing brief will be reduced by 30%:

- from approximately 12.65 hours preparing for the Due Process petition to 9 hours;
- from approximately 41.5 hours on other trial preparation and review to 29 hours;
- from approximately 48.5 hours in preparation of the post-hearing brief to 34 hours.

---

[1] The Court there upheld the District Court's finding that spending 26.1 hours reviewing the trial tape, a time nearly as long as the trial itself, was excessive and unreasonable.

11

Time spent preparing the fee application will be reduced from the approximately 11 hours submitted to 9 hours and time spent in preparation of the reply brief will be reduced from approximately 8 hours to 6 hours. Counsel's claimed 173.95 hours are thus reduced by a total of 34.65 hours to 139.3. The lodestar is reduced from the amount of $52,185.00 to $41,790.00.

Plaintiffs' counsel also requests fees associated with preparing the affidavit concerning reasonable expert fees. However, the recent ruling in Arlington Cent. School Dist. Bd. of Educ. v. Murphy, 548 U.S. \_\_\_\_\_, 126 S.Ct. 2455, 2463 (2006), disallows the award of expert witness fees in connection to litigation under the IDEA. Thus, the time spent by Plaintiffs' counsel in the attempt to recover those expenses will be deducted, in the amount of 1.4 hours, totaling $420.00.

In sum, an award of attorney's fees and costs will be awarded to Plaintiffs' counsel for 137.9 hours in the amount of $41,370.00.

### B. Expert's Fees Are Not Recoverable Pursuant to 20 U.S.C. § 1415.

Plaintiffs' motion for summary judgment as to expert witness' fees and costs will be denied.

A recent Supreme Court case held that "the terms of the IDEA overwhelmingly support the conclusion that prevailing parents may

not recover the costs of experts or consultants." Arlington, 126 S.Ct. at 2461.  Thus, Plaintiffs are not entitled to recover the $6,600.00 in expenses associated with Dr. Aitchison's consultation and testimony.

Plaintiffs' application for $6,600.00 for costs associated with the expert witness will be denied.

### V. CONCLUSION

Plaintiffs' motion for summary judgment will be granted insofar as the Court finds as a matter of law that Plaintiffs' counsel's hourly rate of $300 is reasonable.

Plaintiffs' motion for summary judgment to recover costs of $6,600.00 associated with Plaintiffs' expert witness will be denied.

Plaintiffs' application seeking attorney's fees will be approved at the reduced figure of $41,370.00 because this Court finds that hours submitted by Plaintiffs' counsel are excessive.

The accompanying Judgment is entered as the final Order herein.

**September 29, 2006**             **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   U.S. District Judge

13

| Sheet2 | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Letters to Client | Phone calls to client | Other letters / faxes | Other phone calls | Mediation prep + Mediation | Due Process Petition | Other Trial Prep / Review | Trial | Review Trial Tape | Prepare Brief | Post-hearing review | Post-trial | Fees motion | Post-motion | Reply brief | |
| 2 | 0.3 | 0.5 | 0.25 | 0.25 | 0.75 | 5 | 1.1 | 5.25 | 3.5 | 5.25 | 4.5 | 0.1 | 2 | 0.1 | 4 | |
| 3 | 0.1 | 0.25 | 0.1 | 0.2 | 3.25 | 0.8 | 2.6 | 7 | 3.25 | 6.4 | 1 | 0.1 | 3 | 0.1 | 2.5 | |
| 4 | 0.1 | 0.1 | 0.1 | 0.1 | 0.75 | 2.6 | 1.8 | 3 | 3.6 | 3.5 | | 0.4 | 0.75 | 0.1 | 2.2 | |
| 5 | 0.1 | 0.1 | 0.1 | 0.1 | 2.5 | 2.5 | 0.25 | | 6.25 | 3.75 | | 0.1 | 0.5 | 0.1 | | |
| 6 | 0.1 | 0.1 | 0.1 | 0.1 | 2.6 | 1.75 | 0.1 | | | 4 | | 0.1 | 0.3 | 0.1 | | |
| 7 | 0.1 | 0.1 | 0.3 | 0.1 | 2.5 | | 0.25 | | | 4.25 | | 0.1 | 0.2 | 0.1 | | |
| 8 | 0.1 | 0.1 | 0.1 | 0.1 | | | 0.4 | | | 4.75 | | 0.1 | 4 | 0.1 | | |
| 9 | 0.1 | 0.1 | 0.1 | 0.1 | | | 0.1 | | | | | 0.1 | 0.3 | 0.9 | | |
| 10 | | 0.3 | 0.1 | 0.1 | | | 0.25 | | | | | 0.2 | 0.5 | 0.1 | | |
| 11 | | 0.2 | 0.1 | 0.1 | | | 0.5 | | | | | | | 0.1 | | |
| 12 | | 0.1 | 0.1 | 0.1 | | | 0.2 | | | | | | | 0.3 | | |
| 13 | | 0.2 | 0.1 | 0.1 | | | 0.2 | | | | | | | 1.25 | | |
| 14 | | 0.1 | 0.1 | 0.1 | | | 0.2 | | | | | | | | | |
| 15 | | 0.2 | 0.3 | 0.1 | | | 0.3 | | | | | | | | | |
| 16 | | 0.1 | 0.1 | 0.1 | | | 0.25 | | | | | | | | | |
| 17 | | 0.1 | 0.1 | 0.1 | | | 0.5 | | | | | | | | | |
| 18 | | 0.1 | 0.2 | 0.1 | | | 0.25 | | | | | | | | | |
| 19 | | 0.1 | 0.1 | 0.2 | | | 0.5 | | | | | | | | | |
| 20 | | 0.1 | 0.2 | | | | 0.1 | | | | | | | | | |
| 21 | | 0.1 | 0.1 | | | | 0.1 | | | | | | | | | |
| 22 | | 0.1 | 0.2 | | | | 0.1 | | | | | | | | | |
| 23 | | 0.1 | 0.1 | | | | 0.5 | | | | | | | | | |
| 24 | | 0.3 | 0.1 | | | | 0.5 | | | | | | | | | |
| 25 | | 0.1 | 0.4 | | | | 3.6 | | | | | | | | | |
| 26 | | 0.1 | 0.1 | | | | 1.25 | | | | | | | | | |
| 27 | | 0.1 | 0.1 | | | | 2.6 | | | | | | | | | |
| 28 | | 0.3 | 0.1 | | | | 0.1 | | | | | | | | | |
| 29 | | 0.1 | 0.1 | | | | 0.4 | | | | | | | | | |
| 30 | | | 0.1 | | | | 0.75 | | | | | | | | | |
| 31 | | | 0.1 | | | | 0.5 | | | | | | | | | |
| 32 | | | 0.1 | | | | 0.5 | | | | | | | | | |
| 33 | | | 0.1 | | | | 0.2 | | | | | | | | | |
| 34 | | | 0.1 | | | | 1 | | | | | | | | | |
| 35 | | | 0.1 | | | | 0.4 | | | | | | | | | |
| 36 | | | 0.1 | | | | 0.5 | | | | | | | | | |
| 37 | | | 0.2 | | | | 2.75 | | | | | | | | | |
| 38 | | | 0.1 | | | | 1.6 | | | | | | | | | |
| 39 | | | 0.1 | | | | 1 | | | | | | | | | |
| 40 | | | 0.2 | | | | 2.5 | | | | | | | | | |
| 41 | | | 0.1 | | | | 0.4 | | | | | | | | | |
| 42 | | | 0.1 | | | | 0.4 | | | | | | | | | |
| 43 | | | 0.1 | | | | 2.6 | | | | | | | | | |
| 44 | | | 0.1 | | | | 2.75 | | | | | | | | | |
| 45 | | | 0.1 | | | | 1.6 | | | | | | | | | |
| 46 | | | | | | | 3 | | | | | | | | | |
| 47 | | | | | | | | | | | | | | | | |
| 48 | | | | | | | | | | | | | | | | |
| 49 | 1.1 | 4.25 | 5.65 | 2.25 | 12.35 | 12.65 | 41.45 | 15.25 | 16.6 | 31.9 | 5.5 | 1.3 | 11.55 | 3.45 | 8.7 | 173.95 |

APPENDIX